ROBBINS GELLER RUDMAN
  & DOWD LLP
KEITH F. PARK (54275)
SUSAN G. TAYLOR (190753)
LAURIE L. LARGENT (153493)
L. DANA MARTINDALE (273861)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
keithp@rgrdlaw.com
susant@rgrdlaw.com
llargent@rgrdlaw.com
dmartindale@rgrdlaw.com

THE SHUMAN LAW FIRM
KIP B. SHUMAN (145842)
RUSTY E. GLENN
885 Arapahoe Avenue
Boulder, CO 80302
Telephone: 303/861-3003
303/484-4886 (fax)
kip@shumanlawfirm.com
rusty@shumanlawfirm.com

Co-Lead Counsel for Plaintiffs

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| MENACHEM MAIMAN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GREGORY C. TALBOTT, et al., <br><br> Defendants. | No. SACV 09-0012-AG(ANx) <br><br> <u>CLASS ACTION</u> <br><br> FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br> DATE: July 9, 2012 <br> TIME: 10:00 a.m. <br> CTRM: 10D, The Honorable Andrew J. Guilford |

This matter came before the Court for hearing pursuant to the Third Revised Order Preliminarily Approving Settlement and Providing for Notice dated March 26, 2012 (Docket No. 141), on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated as of September 27, 2011 ("Stipulation") (Docket No. 134).  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. The Notice of Pendency and Proposed Settlement of Class Action given to the Class was the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided due and adequate notice under the circumstances of these proceedings and of the matters set forth in the Stipulation, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act of 1995, and the requirements of due process.

4. The Court finally certifies, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), a Class defined as all Persons or entities who purchased or otherwise acquired PFF common stock beginning on October 23, 2006 through and including April 30, 2008.  Excluded from the Class are Defendants, members of the Defendants' immediate families, any entity in which any Defendant has a controlling

interest and the legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.  Also excluded are those Persons who timely and validly requested exclusion from the Class, whose names are set forth on the listing attached hereto as Exhibit 1.

     5.    Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the settlement set forth in the Stipulation and finds that the settlement is, in all respects, fair, reasonable, and adequate to the Class and directs that the settlement be consummated in accordance with the terms and conditions set forth in the Stipulation.

     6.    The Litigation and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to Lead Plaintiffs and the other Members of the Class, as against each and all of the Released Persons.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

     7.    Upon the Effective Date hereof, Lead Plaintiffs and each of the Class Members, for themselves and for each of their respective officers, directors, shareholders, employees, agents, spouses, subsidiaries, heirs at law, successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Lead Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Settlement Fund, will be deemed to have, and by operation of this Judgment will have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall have covenanted not to sue the Released Persons with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claims against the Released Persons except to enforce the releases and other terms and conditions contained in the Stipulation or this Judgment.

8. Upon the Effective Date hereof, each of the Defendants will be deemed to have, and by operation of this Judgment will have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs and counsel to Lead Plaintiffs from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims except to enforce the releases and other terms and conditions contained in the Stipulation or any Court order (including, but not limited to, this Judgment) entered pursuant thereto.

9. Neither any order entered regarding a Plan of Allocation submitted by Plaintiffs' Lead Counsel nor any order entered regarding any attorneys' fee and expense application shall in any way disturb or affect this Judgment; both of them shall be considered separate from this Judgment.

10. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any allegation made in the Litigation, or of any wrongdoing or liability of the Released Persons, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither this settlement, nor any act performed or document executed pursuant to, or in furtherance of the settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the settlement, and except that Defendants and/or the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Litigation; (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation; and (e) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the settlement. The time to appeal from this Judgment shall commence upon its entry.

12. Pursuant to Section 21D(c)(1) of the Private Securities Litigation Reform Act of 1995, the Court hereby finds that each Settling Party, and his, her, or its respective counsel, has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all papers and filings related to the Released Claims, and that insofar as they relate to the Released Claims, the Litigation was not brought for any improper purpose and is not unwarranted under existing law or legally frivolous.

13. This Judgment is a final judgment in the Litigation as to all claims among Defendants, on the one hand, and Lead Plaintiffs and all Class Members, on the other. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

14. In the event that the settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided

by and in accordance with the Stipulation and shall be vacated, *nunc pro tunc*, and the provisions of ¶8.4 of the Stipulation shall apply.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. Judgment shall be, and hereby is, entered dismissing the Litigation with prejudice and on the merits.

IT IS SO ORDERED.

DATED: July 09, 2012

_____
THE HONORABLE ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE